SLICKER, PLAINTIFF-APPELLANT, *v.* BOARD OF EDUCATION, BOARDMAN LOCAL SCHOOL DISTRICT, FAY C. HEINTZELMAN, HAROLD PERKINS, H. W. MANSELL, TRUSTEES OF BOARDMAN TOWNSHIP, DEFENDANTS-APPELLEES.

Ohio Appeals, Seventh District, Mahoning County.

No. 4190. Decided October 24, 1961.

*Messrs. Manchester, Bennett, Powers & Ullman,* for plaintiff-appellant.

*Mr. Thomas A. Beil,* prosecuting attorney, and *Mr. Loren Van Brocklin,* assistant prosecuting attorney, for defendants-appellees.

GRIFFITH, J.  This is an action in injunction brought by the appellant seeking an order requiring the defendant to remove one-way traffic signs erected by the appellee on a township road, to-wit: Afton Avenue.

The question before us may be stated thus: Do the Trustees of Boardman Township have the authority to designate one-way traffic on a township road?

Section 4511.11, Revised Code, provides in part as follows:—

"Local authorities in their respective jurisdictions may place and maintain traffic control devices upon highways under their jurisdictions as are necessary * * *."

Appellant contends that township trustees are not local authorities, but we feel that this position is untenable. The mere wording of the statute, without calling upon any opinion of the Attorney General, is clear that the most apt instance of a local authority would be a board of township trustees in our governmental set-up.

A board of township trustees, we hold, is a local authority,

and Section 4511.07, Revised Code, is applicable to the issues presented in this case.

Sub-section (D) of Section 4511.07, Revised Code, provides:—

"Designating particular highways as one-way highways and requiring that all vehicles, trackless trolleys, and streetcars thereon be moved in one specific direction; * * *.

"No ordinance or regulation enacted under divisions (D), (E), (F), (G), or (I) of this section shall be effective until signs giving notice of such local traffic regulations are posted upon or at the entrance to the highway or part thereof affected, as may be most appropriate."

The powers of the board of trustees are by these sections of the Code unlimited in manner, other than such powers may not be abused or the result of arbitrary judgment on the part of the board of trustees.

There is no evidence in this case after reviewing the one hundred page record that we are able to find where the trustees abused their discretion in the enactment of this resolution. It was enacted true at the instance and request of the Board of Education for the protection of the children who were transported by bus to the school at the rear of the appellant's property. It was enacted in the interest of public safety, and the record in the court below reveals that it was a safety measure and enacted for a valid reason, and we find that the trustees exercised their authority in a proper manner.

The appellant has no property right in the traffic on Afton Avenue in front or alongside of his property. Appellant, while disturbed by this one-way regulation, has in no wise been denied access to his property from Afton Avenue or egress therefrom. The trustees by their resolution only have required him to travel a circuitous route in place of coming directly in from Market Street.

In the landmark case of *State, ex rel. Merritt,* v. *Linzell,* 163 Ohio St., 97, the second syllabus reads as follows:—

"Mere circuity of travel, necessarily and newly created, to and from real property does not of itself result in legal impairment of the right of ingress and egress to and from such property, and, where a portion of a highway is relocated and

property abutting on the old highway does not abut on the relocated portion and the owner has the same means of ingress and egress to and from such property, there is no legal impairment of such right."

While this was a state highway the same rules are applicable to the rights of a property owner abutting on a township road.

We therefore hold that the prayer of the petition must be denied and the petition dismissed at appellant's costs.

BROWN, P. J., and DONAHUE, J., concur.